IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY HORVATH,

                     Plaintiff,                      Case No. 3:10 CV 1684

    -vs-

                                                  <u>MEMORANDUM OPINION</u>

WALGREEN CO.,

                     Defendant.

KATZ, J.

       This matter involves Plaintiff Mary Horvath's Ohio law claim against Defendant Walgreen Co. ("Walgreen"), alleging that Walgreen negligently failed to warn of, or repair, a crack in the cement pavement outside one of its distribution centers, thereby causing Horvath to fall and sustain injuries. Additionally, Plaintiff/Intervenor State Compensation Insurance Fund ("State Fund")–a California state administered worker's compensation fund that paid for certain of Horvath's disability and medical expenses–intervened and filed a Complaint against Walgreen pursuant to its statutory right of subrogation.

       The matter is currently before the Court on Walgreen's motion for summary judgment. (Doc. 21). Also pending is Walgreen's motion to strike Horvath's affidavit. (Doc. 27 at 3). For the reasons stated herein, Walgreen's motion for summary judgment is granted, and its motion to strike is denied as moot.

**I. Background**

       At the time of the accident in question, Plaintiff Mary Horvath was a veteran sem- truck driver of approximately a decade. On July 1, 2008 at around 6:00P.M., Horvath arrived on schedule to deliver a partial truck load at Walgreen's Perrysburg, Ohio distribution center.

Horvath had never been to this particular facility, but she observed the facility to be a "bigger terminal." She also stated she had delivered to many "bigger terminals" in the past.

Upon checking-in at the guard shack, Horvath was given instructions on how to park and check-in at the distribution center's pre-receiving area. Horvath proceeded as instructed into the cement-paved pre-receiving area and backed-up her truck to park. She parked in a west-facing direction with a row of other trailers located away from the pre-receiving building. While she did not have any difficulty parking, Horvath did observe a "yard dog"–a tractor commonly used at large terminals to move or spot trailers–driving north through the pre-receiving area.

Once parked, Horvath picked up the bill of lading for her delivery and exited the truck, at which time she heard the yard dog moving through the area. When exiting, Horvath heard the yard dog and, despite being unable to see it, she believed the yard dog was moving because it did not make the unique sound she knew from experience is produced when a yard dog is idling. With the six o'clock sun at her back, Horvath proceeded to walk east alongside her truck toward the pre-receiving area door. Though she did not recall ever looking directly at the ground, Horvath continuously scanned the area. Further, Horvath stated at deposition that nothing obstructed her view as she walked, that she did not notice any defects in the cement, and that she observed only what appeared to be flat, dry pavement on a sunny day. Horvath carried nothing except the single bill of lading.

As Horvath neared the end of her trailer she stepped on a crack, causing her to break her ankle in three places and fall to the ground.[1] While the parties submitted numerous photographs

---

[1] Walgreen maintains as one of its bases for summary judgment that Horvath cannot identify the specific pavement defect that caused her fall, and therefore cannot meet a threshold requirement of

(continued...)

and video to depict the precise direction and severity of the crack, the undisputed material facts demonstrate that the difference in elevation between the two pieces of cracked cement was less than two inches, and that Horvath generally approached the crack from its high side while walking from west-to-east.

Horvath sued Walgreen in the Wood County, Ohio Common Pleas Court on June 30, 2010, alleging that she was a business invitee of Walgreen, and that as such Walgreen had a duty to either warn of, or repair, the cracked cement pavement. Walgreen removed the action to this Court on August 2, 2010 and State Fund filed its Intervenor Complaint on January 14, 2011. Walgreen filed the instant motion for summary judgment on June 15, 2011, and State Fund and Horvath each filed an opposition brief on July 1, 2011 and July 6, 2011, respectively. Additionally, Walgreen filed a reply on July 18, 2011 in which it moved this Court to strike Horvath's affidavit that she attached to her opposition brief.

## II. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

[1](...continued)
Ohio's premises liability law. As discussed, *infra*, however, the Court need not reach this argument to grant Walgreen's motion for summary judgment. Accordingly, the Court does not express any opinion on the issue.

3

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'"

*Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071.  The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999).  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### III. Discussion

### A. Walgreen's Four Arguments

Walgreen advances four bases for summary judgment, contending that each independently requires this Court to grant its motion.  The first basis–Horvath's supposed failure to identify the defect that caused her fall–purportedly precludes a finding of negligence as a threshold matter. *See Mines v. Russo's Stop & Shop*, 1989 Ohio App. LEXIS 609, at *5 (Ct. App. 1989) (citations omitted) (liability precluded where plaintiff fails to "identify or explain the reason for a fall.").  The three remaining bases–the "two-inch" rule, the "minor imperfection" rule, and the "open and obvious" rule–purportedly negate any duty owed to Horvath as a matter of law.[2] *See generally Cash v. Cincinnati*, 421 N.E.2d 1275 (Ohio 1981) ("two-inch" rule); *Pacey v. Penn Garden*

---

[2] Under Ohio common law, "the possessor of land owes a duty of ordinary care to his invitees . . . to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge." *Newton v. Penn. Iron & Coal*, 619 N.E.2d 1081, 1083 (Ohio Ct. App. 1993) (citing *Westwood v. Thrifty Boy Super Markets, Inc.*, 278 N.E.2d 673 (Ohio 1972)).  "[T]he possessor may be held liable for [an invitee's] injuries when they proximately result from a breach of the duty of care he owes [the invitee]." *Id*.  Walgreen's motion for summary judgment does not dispute Horvath's invitee status.

5

*Apartments*, 1999 Ohio App. LEXIS 509 (Ct. App. 1999) ("minor imperfection" rule); *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088 (Ohio 2003) ("open and obvious" rule).

At the outset, this Court notes that Ohio tends to treat the "two-inch" rule and the "minor imperfection" rule as one in the same, *see, e.g. Forste v. Oakview Contr., Inc.*, 2009 Ohio App. LEXIS 4645, at \*\*5 (Ct. App. 2009), and this Court will likewise follow suit. Moreover, as described below, this Court finds that the "two-inch" rule negates any duty Walgreen owed to Horvath as a matter of law. Since the "two-inch" rule provides an independent basis to grant Walgreen's summary judgment motion, the Court need not examine Walgreen's other arguments.

**B. The "Two-Inch" Rule**

In *Cash v. Cincinnati*, *supra*, the Ohio Supreme Court "established a rebuttable presumption that height differences of two inches or less are insubstantial as a matter of law. The presumption may be rebutted by showing attendant circumstances sufficient to render the defect substantial." *Stockhauser v. Archdiocese of Cincinnati*, 646 N.E.2d 198, 201-02 (Ohio Ct. App. 1994) (internal citations omitted). In this case, Plaintiffs do not dispute that there is a rebuttable presumption of insubstantiality since the crack is less than two-inches. Plaintiffs argue, however, that sufficient attendant circumstances exist to rebut the presumption and create a jury question as to whether the crack was a substantial defect when Horvath fell. *See Muller v. United States*, 1991 U.S. Dist. LEXIS 20907, at \*17-\*18 (N.D. Ohio 1991) (whether sufficient attendant circumstances render defect substantial is fact question for jury).

In *Chilcut v. Ford Motor Co.*, 662 F. Supp. 2d 967 (S.D. Ohio 2009), the Southern District of Ohio outlined the boundaries for when attendant circumstances are sufficient to create a jury question:

> Although there is no precise definition of the term, Ohio courts have found that attendant circumstances include any distraction that would divert the attention of someone in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. Such circumstances are, in short, all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event.

*Id.* at 975 (citations omitted). Additionally "[a]n attendant circumstance must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to he injury." *Forste*, 2009 Ohio App. LEXIS 4645, at \*\*8 (citing *Galinari v. Koop*, 2007 Ohio App. LEXIS 4109, at \*\*15-\*\*16 (Ct. App. 2007)). "The totality of the circumstances . . . must be examined to determine if, as a whole, they create a substantial defect." *Stockhauser*, 646 N.E.2d at 201.

Plaintiffs argue that several attendant circumstances existed in this case. First, they point to the yard dog Horvath heard while exiting her truck, as well as the possibility of other traffic common to large pre-receiving areas, such as golf carts, cranes, pallet jacks, and other semi trucks. Second, Plaintiffs contend that the crack was not visible to someone with Horvath's perspective. Specifically, since Horvath approached the crack from its high side while walking in a west-to-east direction, the six o'clock sunlight that also emanated from the west purportedly cast a shadow over the low side of the crack, thereby concealing it from Horvath.

The Court is not persuaded by Plaintiffs' arguments. Horvath stated at deposition that yard dogs, trucks, golf carts, cranes, and pallet jacks are all vehicles one ordinarily expects to encounter in a large truck terminal such as Walgreen's. (Doc. 25 at 59:13-17, 60:11-61:1). In this case, however, the only other vehicle Horvath encountered was a single yard dog that she heard while exiting her truck. (Doc. 25 at 60:2-4). Horvath specifically stated that nothing else was moving in the area, (Doc. 25 at 59:18-20, 59:25-60:3), which is confirmed by surveillance video that depicts only a single truck entering the area six minutes *after* Horvath fell. (Doc. 23 at 12). Moreover,

7

Plaintiffs' argument that the mere *possibility* of other traffic constitutes a sufficient attendant circumstance is not persuasive, as such a circumstance is neither unusual nor unreasonable, and does not "significantly enhance the danger of the defect." *Forste*, 2009 Ohio App. LEXIS 4645, at \*\*8 ("To be considered to be an attendant circumstance for the purpose of rebutting the 'two-inch" rule, the traffic must be unusual or unreasonably increase the chance of harm.") (citation omitted).

As to Plaintiffs' argument that the crack was concealed from Horvath's perspective, the Ohio Court of Appeals has held that the "argument that an undisclosed presence of shadows near a residence could be dangerous, stretches the attendant circumstances rule beyond reasonable comprehension. This is because a person should not be held liable where he or she had no control over shadows caused by the sun." *Gordon v. Dziak*, 2008 Ohio App. LEXIS 500, at \*\*18 (Ct. App. 2008) (citations omitted). This is especially true where, as here, Horvath's view of the crack was unobstructed, she had nothing in her hands except a single bill of lading, and there were neither pedestrians to contend with nor an unusual presence of vehicles. *See Jackson v. Bd. of Pike County Comm'rs*, 2010 Ohio App. LEXIS 4123, at \*\*18-\*\*19 (Ct. App. 2010) (presence of shadows not sufficient attendant circumstance where plaintiff side-stepped onto defect to avoid other pedestrians); *France v. Parliament Park Townhomes*, 1994 WL 151658, at \*3 (Ct. App. 1994) (arboreal shadows not sufficient attendant circumstance even where elderly plaintiff was burdened with load of telephone books).

In light of the above, there are not sufficient attendant circumstances to rebut the presumption that the crack on which Horvath tripped was insubstantial as a matter of law.

8

Walgreen, therefore, did not owe Horvath a duty, and Walgreen's motion for summary judgment must be granted.

**IV. Conclusion**

For the reasons stated herein, Walgreen's motion for summary judgment is granted, (Doc. 21), and Walgreen's motion to strike is denied as moot. (Doc. 27 at 3).

IT IS SO ORDERED.

                s/ *David A. Katz*
                DAVID A. KATZ
                U. S. DISTRICT JUDGE